UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6194-CR-DIMITROULEAS

UNITED STATES OF AMERICA )
)
v. )
)
RAMON DELVALLE )
_____)

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America respectfully requests that the following jury instructions be

given at trial in the above-entitled action, pursuant to Rule 30 of the Federal Rules of Criminal

Procedure. The United States also respectfully requests that the parties be allowed to propose such

additional instructions as become appropriate based upon the trial testimony, and that the parties be

informed prior to closing arguments which instructions the Court will accept.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____

CHRISTOPHER J. CLARK
Assistant United States Attorney
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9167
Fax No. (305) 530-7976
Fl. Bar No. 0588040

NON-COMPLIANCE OF S.D. fla. L.R. 5.1.B



**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1**
Court's Instructions to the Jury

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

Eleventh Circuit Pattern Jury Instructions, Basic Instruction, No. 1

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2**
Duty to Follow Instructions
Presumption of Innocence and Burden of Proof

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require the Defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving the Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instructions No. 2.1

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3**
Duty to Follow Instructions
Presumption of Innocence and Burden of Proof
(When the Defendant Does Not Testify)

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require the Defendant to prove his innocence or produce any evidence at all; and if the Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving the Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 2.2

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4**
Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 3

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5**
Evidence - Direct and Circumstantial
Argument of Counsel

As stated earlier you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 4.2

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6
Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witnesses's testimony differ from the testimony of other witnesses?

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 5

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7**
Impeachment
Inconsistent Statement
and
Felony Conviction

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe his testimony.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

As stated before, the Defendant has a right not to testify. If the Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe his testimony. Evidence of the Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime for which the Defendant is on trial.

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 6.4

### GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8
Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field - - who is called an expert witness - - is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you decide whether to rely upon it.

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 7

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9**
<u>Stipulation of Facts</u>

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must

regard such agreed facts as true.

L. Sands, J. Siffert, S. Reiss, J. Secton, & J. Thorpe, Modern Federal Jury Instructions, Instruction
74-4 (1991)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10**
Introduction To Offense Instructions

In this case, as you know, the indictment charges the defendant with one offense or "count." I will not read it to you at length became you will be given a copy of the indictment for study during your deliberations.

In summary, Count One charges that the Defendant Ramon Delvalle knowingly possessed a firearm while having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 USC § 922(g)(1).

I will now explain the law governing that offense.

*Eleventh Circuit Pattern Jury Instruction, Basic Jury Instruction No. 8 (with modifications)*

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11**
Offense Instruction (Felon in Possession of a Firearm)

Title 18, United States Code, Section 922(g), makes it a Federal crime or offense for anyone

who has been convicted of a felony offense to possess any firearm in or affecting interstate or foreign

commerce.

The Defendant can be found guilty of that offense only if all of the following facts are proved

beyond a reasonable doubt:

> *First*: That the Defendant knowingly possessed a firearm in or affecting interstate or
> foreign commerce, as charged; and

> *Second*: That before the Defendant possessed the firearm the Defendant had been
> convicted in a court of a crime punishable by imprisonment for a term in excess of one
> year, that is, a felony offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to,

expel a projectile by the action of an explosive; and the term includes the frame or receiver of any

such weapon, or any firearm muffler or firearm silencer.

The term "interstate commerce" includes the movement of a firearm between any place in one

state and any place in another state. The term "foreign commerce" includes the movement of a

firearm between any place in another country and any place in this country. It is not necessary for

the Government to prove that the Defendant knew that the firearm had moved in interstate or foreign

commerce before the Defendant possessed it, only that it had made such movement.

Eleventh Circuit Pattern Jury Instructions, Instruction 30.6 (1997) (modified to include "foreign
commerce" as well as "interstate commerce." This modification comports with the wording of the
statute).

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12**
Defendant's Prior Conviction (Stipulation)

The first element the government must prove beyond a reasonable doubt before you can return a verdict of guilty is that the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year before the date charged in the indictment.

The parties have stipulated that Ramon Delvalle was convicted of a crime in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida, and that this crime is punishable by imprisonment for a term exceeding one year. It has also been stipulated that this felony conviction occurred prior to the time that the defendant is alleged to have possessed the weapon charged in the indictment. Consequently, I instruct you that the issue whether this defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year before the date he is charged with possessing the firearm is not contested in this case.

I instruct you, in this connection, that the prior conviction, that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose. You are not to speculate as to what it was for. You may not consider the prior conviction in deciding whether it is more likely than not that the defendant was in knowing possession of the gun that is charged, which is a disputed element of the offense.

L. Sand, J. Siffert, W. Loughlin & S. Reiss, Modern Federal Jury Instructions: Criminal, Instruction 35-47 (1995) (with modifications)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13**
<u>Firearm In or Affecting Commerce Stipulation</u>

The government must prove beyond a reasonable doubt is that the firearms that the Defendant is charged with possessing was in or affecting interstate or foreign commerce.

This means that the government must prove that at some time prior to the Defendant's possession, the firearm had traveled in interstate or foreign commerce.

The parties have stipulated that the firearm introduced into evidence by the government were manufactured outside of the State of Florida and, consequently, that this firearm traveled across a State boundary before reaching Florida. Consequently, I instruct you that the issue whether the firearms the defendants are charged with possessing was in or affecting interstate commerce is not contested in this case.

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14**
Possession

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession, and also sole as well as joint possession.

Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 4

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15**
<u>On or About - - Knowingly</u>

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

*Eleventh Circuit Pattern Jury Instructions, Basic Instruction, No. 9.2*

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16**
Intent

The Government must prove beyond a reasonable doubt that the Defendant consciously

possessed an item which he knew to be a firearm. The Government is not required to prove that the

Defendant specifically intended to violate the statute prohibiting convicted felons from possessing

firearms or that he knew the subject firearm had traveled in interstate commerce.

United States v. Ware, 758 F.2d 557, 558 (11th Cir. 1985); United States v. Giles, 640 F.2d 621 (5th
Cir. 1981).

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17**
Caution - - Punishment
<u>(Single Defendant - - Single Count)</u>

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge to determine.

Eleventh Circuit Pattern Jury Instructions, Basic Instruction, No. 10.3

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18**
Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judge of the facts. Your interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 11

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19**
Verdict

When you to the jury room you should first select one your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict}

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have y our foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 12

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail on August 28, 2000, to:

Ana Jhones, Esq.
330 Biscayne Boulevard
Suite 625
Miami, Florida 33132

CHRISTOPHER J. CLARK
ASSISTANT U.S. ATTORNEY