UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6194-CR-DIMITROULEAS

UNITED STATES OF AMERICA

        Plaintiff,

v.

RAMON DELVALLE

        Defendant.
_____/



### GOVERNMENT'S MOTION TO QUASH SUBPOENA AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The United States of America, on behalf of Assistant United States Attorney (AUSA) Christopher J. Clark, hereby requests this Honorable Court to quash the subpoena which was issued on September 11, 2000 to AUSA Christopher J. Clark, United States Attorney's Office, Miami, FL. This subpoena calls for testimony, and the production of documents, during the hearing on Defendant Ramon DelValle's Motion to Suppress Evidence, set for Friday, September 15, 2000 [1]. The following facts and grounds are provided in support of the government's motion to quash.

---

[1] On September 11, 2000, defense counsel, Ana M. Jhones, issued a subpoena to AUSA Clark. On September 12, 2000, AUSA Terrence C. Ayala, in his capacity as Duty Attorney in the Civil Division of the United States Attorney's Office, Miami, Florida, declined to accept service of the subpoena for AUSA Clark. As of the filing of this Motion, AUSA Clark had not been personally served. Thus service has not been perfected and the subpoena should be quashed. F.R.Cr.P. Rule 17(d), F.R.Civ.P. Rule 45(b)(1). See for example, Harrison v. Prather, 404 F.2d 267, 273 (5th cir. 1968)(service of process upon attorney is not personal service).



## BACKGROUND

AUSA Clark is the attorney assigned to prosecute the above-captioned matter. A hearing on Defendant DelValle's Motion to Suppress is set for September 15, 2000 before this Honorable court. AUSA Clark will be presenting evidence on behalf of the government. In this case, on September 7, 2000, defense counsel Jhones, filed a motion to suppress evidence. In that pleading, Jhones seeks to suppress the gun seized from defendant DelValle. She also seeks to suppress tape recorded conversations made by DelValle after he was incarcerated. The subpoena issued to AUSA Clark seeks "testimony" and "written requests for production made by you or your agents to the Bureau of Prisons from January 20, 2000 to the present time, for production of any records or recordings of monitored telephone calls made by Ramon DelValle. . ..". Jhones, in her motion to suppress, challenges the search of defendant's residence that lead to the seizure of a gun on Fifth Admentment grounds. Jhones claims that the defendant did not consent to that search. Defendant's Motion to Supress, pp. 6-7. Jhones also claims that the Fourth Amendment bars the admission of the tape recordings. As to the recordings, while recognizing that case law holds that inmates have little or no privacy rights, defense counsel argues that in a pretrial incarceration context, the privacy concerns "are different". Defendant's Motion to Suppress, p. 10.

In response to the motion to suppress, the government argues that defendant consented to the search of the residence. Government's Response to Defendant's Motion to Suppress, pp. 2-4. The government also argues that, as to the tape recordings, defendant had no reasonable expectation of privacy. Government's Response to Defendant's Motion to Suppress, p. 5.

It is clear that the admissibility of the gun and tape recordings turns largely on questions of law relating to consent to search and the expectations of privacy of an incarcerated inmate. The

2

testimony and material sought in the subpoena to AUSA Clark is irrelevant to a legal determination of this question. Moreover, by directing the subpoena to information for "requests for production by you or your agents", Jhones demonstrates that the subpoena is a fishing expedition for information and/or that the information is available from sources other than AUSA Clark. Jhones clearly expects that the information can be obtained from the agents in the case.

Counsel's attempt to call AUSA Clark as a witness is contrary to law and the subpoena should be quashed.

### MEMORANDUM OF LAW

The Court should quash defendant's subpoena pursuant to case law in this circuit which disfavors the practice of calling attorneys as witnesses absent extraordinary circumstances. AUSA Clark should not be compelled to testify. Therefore, the government respectfully requests the Court to quash the subpoena which was issued to him.

### I.  THE SUBPOENA DIRECTED TO ASSISTANT UNITED STATES ATTORNEY CLARK SHOULD BE QUASHED SINCE NO ASSISTANT UNITED STATES ATTORNEY SHOULD TESTIFY ABSENT A SHOWING OF EXTRAORDINARY CIRCUMSTANCES.

It is well-settled in this circuit, and others, that a lawyer should not testify in a case absent extraordinary circumstances. United States v. Hosford, 782 F.2d 936, 938 (11th Cir.), cert. denied, 476 U.S. 1118 (1986); United States v. Schwartzbaum, 527 F.2d 249, 253 (2d Cir. 1975), cert. denied, 424 U.S. 942 (1976); United States v. Crockett, 506 F.2d 759 (5th Cir. 1975), cert. denied, 423 U.S. 824 (1976).

3

In addition, the demands of the subpoena raise concerns about the potential for harassment[2] of a federal prosecutor and the danger of invading protected work product, or violating the attorney-client privilege.

In the instant case, AUSA Clark will apparently be called to testify about his role as a prosecutor in this case. The subpoena seeks his testimony about the manner in which consent was obtained from Delvalle by agents. The subpoena also seeks the AUSA's testimony and documents relating to tape recorded conversation by DelValle while he was an inmate in the custody of the Bureau of Prisons. There is no allegation by the defense that AUSA Clark was actually present[3] when Delvalle's consent was obtained. Even if one could assume that AUSA Clark's testimony is relevant, material, and not privileged in any way, he should not testify unless the defendant can first establish extraordinary circumstances or compelling reasons for this testimony. Such extraordinary circumstances are usually found in situations where the evidence sought is not otherwise available. West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fla. 1990); United States v. Johnston, 690 F.2d 638, 644 (7th Cir. 1982). In this case, extraordinary circumstances do not exist which call for the testimony of AUSA Clark. In fact, it is clear that there are other witnesses who may be called regarding the substance of any testimony provided by AUSA Clark,[4]

---

[2] See West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fla.1990); Cf. Shelton v. American Motors Corp., 805 F.2d 1323, 1330 (8th Cir. 1986) (The harassing practice of examining opposing counsel (unless that counsel's testimony is unique) appears to be an adversary trial tactic that does nothing for the administration of justice, but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the legal process.)

[3] He was not.

[4] See the Government's factual statement in the Government's response to the Motion to Suppress, pp. 1-2.

4

including the lead Bureau of Alcohol, Tobacco and Firearms (ATF) case agent who is expected to be called as a witness for the government at the September 15, 2000 hearing in this matter.

Defense counsel has failed to establish the extraordinary circumstances (and cannot do so) which would compel the testimony of AUSA Clark. Indeed, she has failed to establish why the testimony she seeks from this Assistant United States Attorney is at all relevant, admissible, and non-collateral.

## II.   AUTHORIZATION HAS NOT BEEN GRANTED FOR THE TESTIMONY OF AUSA CLARK.

Title 28, Code of Federal Regulations, Section 16.21 et seq. sets forth the procedures which are to be followed when disclosures are sought from Department of Justice employees. In cases in which the United States is a party, Section 16.23(c) requires the party seeking oral testimony from a Department of Justice employee to furnish the Department attorney handling the matter, within a reasonable time, with an affidavit or statement "setting forth a summary of the testimony sought". Department officials, above the level of Assistant United States Attorney, use this affidavit or statement as a basis for granting or denying authorization for the proposed disclosures.

With the subpoena, defense counsel provided a one-sentence statement: "The oral testimony sought herein pertains to the issues of actions by the Government concerning requests for production of the monitored inmate telephone calls of Ramon DelValle, from January 20, 2000 to the present." This sentence purports to satisfy the requirements of 28 CFR 16.23(c). It is woefully inadequate. Accordingly, defense counsel has not complied with pertinent provisions of the Code of Federal Regulations in making a demand for testimony and production, and has not provided a sufficient statement which details the precise matters into which counsel intends to inquire during the proposed testimony of AUSA Clark, as required by 28 C.F.R. §16.23(c). Therefore, the responsible DOJ

officials cannot review and approve or disapprove AUSA Clark's testimony. Without the necessary DOJ approval, AUSA Clark is placed in the undesirable position of having to request a stay of the demand pending review of a more descriptive C.F.R. statement provided by counsel, 28 C.F.R. §16.27, or respectfully decline to testify in the event the court calls upon him to do so, pursuant to 28 C.F.R. §16.28. Touhy v. Ragen, 240 U.S. 462 (1951).

Title 28 C.F.R. §16.26 sets forth factors which are to be weighed by the authorizing Department official in response to a subpoena or other request. These factors include: whether disclosure is appropriate under the rules of procedure governing the case (§16.26(a)(1)); whether disclosure is appropriate under the relevant substantive law concerning privilege (§16.26(a)(2)); whether disclosure would violate Rule 6(e) (§16.26(b)(3)); and whether disclosure would reveal investigatory records compiled for law enforcement purposes and confidential investigative techniques and procedures (§16.26(b)(5)). The requested disclosure will not be authorized if it will negatively impact any of the factors outlined in Section 16.26(b). Until a sufficient statement is provided pursuant to 28 C.F.R. §16.23(c), the reviewing Departmental officials cannot authorize any disclosure. Since counsel has not provided such a statement, authorization has not been provided for AUSA Clark's testimony.

In the instant case, with the deficient and untimely notification provided by defense counsel, the scope and substance of counsel's proposed examination of AUSA Clark cannot be meaningfully evaluated by responsible DOJ officials; moreover, reasons apparently exist for disapproval of the requested disclosure. Jhones' purported CFR statement seeks "testimony...[that] pertains to the issues of actions by the Government...". Counsel may, for instance, attempt to elicit testimony which

6

would be protected under the attorney-client privilege and/or the work product doctrine[5]. In addition, counsel may be seeking to elicit testimony which would implicate other privileges, such as the deliberative process privilege, or which might be deemed irrelevant to the issues at hand or might well call for inadmissible hearsay.

In any event, counsel cannot be permitted to avoid the procedures which are required to be met in regard to requests for disclosures from DOJ employees. The federal regulations governing the testimony and production of documents by DOJ employees were promulgated under authority of the federal housekeeping statute, 5 U.S.C. §301, to centralize decisions on releasing information in response to subpoenas and other demands of courts or other authorities. Title 28, Code of Federal Regulations, Section 16.21 et seq.

The referenced Department of Justice regulations must be accorded the force of law because they are "lawful . . . and fully authorized by law." State of North Carolina v. Carr, 264 F.Supp 75,

---

[5] The work-product doctrine is set forth in Fed.R.Civ.P. 26(b)(3), as follows:

> Subject to the provisions of subdivision (b)(4) of this rule [concerning discovery of experts], a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. . .

It should be noted that the work-product doctrine applies to criminal cases, as well as to civil cases. United States v. Nobles, 422 U. S. 225, 236-40 (1975).

80 (W.D.N.C.), appeal dismissed, 386 F.2d 129, 131 (4th Cir. 1967) (upholding Department of Justice Order No. 124-62, predecessor to 28 C.F.R. §§16.21 et seq. and reversing a state court contempt order issued against agent who refused to testify).

The United States Supreme Court upheld the regulations governing the testimony and other evidentiary production of employees of the Department of Justice in United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416 (1951). In Touhy, the court overturned an order holding a special agent of the FBI in contempt for failing to produce subpoenaed investigatory material in a federal habeas corpus proceedings. In that case, the Department of Justice had not authorized the production of the materials. The agent was held in contempt of court when he declined to produce the relevant files, pursuant to pertinent DOJ regulations. Id. at 465. In its decisions, the Court noted that an employee of the Department of Justice did not have discretion to honor a demand for official information and that the agent was bound to follow the lawful orders of the Attorney General. Id. at 467. The Touhy ruling follows a judicial policy against holding a subordinate responsible for the discretionary acts of his superiors. N.L.R.B. v. Capitol Fish Co., 294 F.2d 868, 874 n.13 (5th Cir. 1961).

It should be noted that the Eleventh Circuit continues to interpret United States ex. rel. Touhy v. Ragen as requiring the quashing of subpoenas for testimony where agency regulations, like those applicable here, prohibit a government employee from giving such testimony. United States v. Bizzard, 674 F.2d 1382, 1387, cert. denied, 459 U.S. 973, 103 S.Ct. 305 (1982); Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).

Under the circumstances of the instant case, the subpoena which seeks to compel testimony by AUSA Clark should be quashed since the pertinent regulations forbid such disclosure without authorization, and that authorization has not been, and due to the actions of defense counsel, cannot

8

be, granted. For these reasons, as well as the obviously harmful precedent this case would set in similar actions, the subpoena should be quashed.

## CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully requests this Honorable court to quash the subpoena which has been issued to AUSA Christopher J. Clark, and issue a protective order which would prevent defense counsel from compelling the testimony of AUSA Clark.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

BARBARA L. PETRAS
Assistant United States Attorney
Florida Bar No. 209181
500 E. Broward Boulevard, Suite 700
Ft. Lauderdale, FL 33394
Tel: (954) 356-7314, ext. 3609
Fax: (954) 356-7180

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was telefaxed and overnight mailed this 14th day of September, 2000 to:

Ana M. Jhones, Esq.
330 Biscayne Boulevard, #625
Miami, Florida 33132
Fax: (305) 374-3414

*[signature]*

BARBARA L. PETRAS
Assistant United States Attorney

9